[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11584
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00347-IPJ-TMP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

COREY L. HOOPER,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 13, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals Corey L. Hooper's sentence after he was convicted of deprivation of rights under color of law, pursuant to 18 U.S.C. § 242. The conviction stems from an incident in 2007 in which Hooper, then a Birmingham, Alabama, police officer, struck a handcuffed and non-resisting arrestee multiple times in the face. The guideline range called for 70 to 87 months' imprisonment, but the district court varied downward to issue a sentence of 60 months' probation.

On appeal, the government argues that Hooper's probationary sentence was substantively unreasonable because it did not satisfy the need for general deterrence. While the district court concluded that Hooper would be specifically deterred from committing future crimes, the sentencing factors listed in 18 U.S.C. § 3553(a) also required the court to examine whether Hooper's sentence would deter others. However, the court concluded it was "not going to worry about what other police officers do." The government also argues that the non-custodial sentence fails to satisfy the § 3553(a)(2) purposes of reflecting the seriousness of the crime, promoting respect for the law, and providing just punishment. Finally, it asserts that the court failed to offer a sufficiently compelling justification for what amounts to a major departure from 70 months' incarceration to no prison time at all.

We review the reasonableness of a sentence using a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 128 S.Ct. 586, 591, 169

2

L.Ed.2d 445 (2007).  Under this standard, the district court does not need to impose the same sentence we would have given, but need only impose a sentence that is within the range of reasonableness.  *United States v. Irey*, 612 F.3d 1160, 1190-91 (11th Cir. 2010) (*en banc*).  The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and the factors outlined in 18 U.S.C. § 3553(a).  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing for substantive reasonableness, we examine the totality of the circumstances and ask "whether the statutory factors in § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The § 3553(a) factors are: the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to promote respect for the law and afford adequate deterrence, the need to protect the public, the need to provide the defendant with training, education and medical care, the kinds of sentences available, the Sentencing Guidelines range for the offense, the Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide victims with restitution.  18 U.S.C. § 3553(a)(1)-(7).  To vacate a sentence, we must firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by

3

arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). However, this discretion is not unfettered. *Irey*, 612 F.3d at 1191. A sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, selects the sentence arbitrarily, bases the sentence on impermissible factors, or fails to consider pertinent § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1191-92 (11th Cir. 2008).

Section § 3553(a)(2)(B) provides that the district court is required to consider the need for a defendant's sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Promoting deterrence is distinct from the goal of preventing recidivism, which is referenced in § 3553(a)(2)(C) as "protect[ing] the public from further crimes of the defendant." *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (holding that the sentencing court's conclusion that "this defendant has been effectively deterred" referred to § 3553(a)(2)(C), rather than the promotion of general deterrence). Moreover, general deterrence is "one of the key purposes of sentencing." *Pugh*, 515 F.3d at 1194. In our recently published decision in *United States v. McQueen*, 727 F.3d

4

1144 (11th Cir. 2013), we held that general deterrence is especially compelling in the context of officials abusing their power. *McQueen*, F.3d at 1157-58.

Section § 3553(a)(2)(A) provides that the district court is required to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Even if the court stated that it considered § 3553(a)(2)(A), its failure to explain how the offense's severity factored into its decision to issue a lower sentence can result in an unreasonable sentence. *See Pugh*, 515 F.3d at 1198 (holding that although the district court recognized that child pornography is "a serious crime," the sentence failed to reflect that severity or to promote respect for the law).

If the district court determines that the § 3553(a) factors justify a sentence outside the guidelines, we must give due deference to that court's decision. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). However, we also must consider the extent of the deviation and "ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50, 128 S.Ct. at 597. A major variance in sentencing requires a more significant justification than a minor one. *Id.*; *see also Irey*, 612 F.3d at 1196 (holding that a downward variance of 42% is considered major). A major variance cannot be sufficiently justified solely on the grounds of the defendant's characteristics and motive. *See*

5

*Pugh*, 515 F.3d at 1182, 1187, 1200-01 (holding that a 97-month downward variance for a child-pornography conviction was not sufficiently justified by the defendant's lack of a criminal history and the low risk that he would re-offend).

Here, the district court abused its discretion when it issued Hooper a 60-month probationary sentence. First, the court expressly declined to consider the need for Hooper's sentence to adequately deter other police officers from using excessive force. 18 U.S.C. § 3553(a)(2)(B). By ignoring a pertinent § 3553(a) factor that was one of the "key purposes" of sentencing, the court issued a substantively unreasonable sentence. *McQueen*, 727 F.3d at 1157-58; *see also Pugh*, 515 F.3d at 1191-92, 1194. Second, the court did not give adequate consideration to the seriousness of Hooper's conviction under 18 U.S.C. § 242, particularly in light of Hooper's abuse of police power and the vulnerability of a restrained arrestee. *McQueen*, 727 F.3d at 1157-58; *Pugh*, 515 F.3d at 1198. Third, the court failed to cite a sufficiently significant justification for granting a 100 %, 70-month downward variance. *Massey*, 727 F.3d at 1159; *Irey*, 612 F.3d at 1196. While sentencing courts should look to a defendant's history and characteristics, Hooper's clean criminal history and family ties cannot sufficiently justify such a steep variance under the facts of this case. *See* 18 U.S.C. § 3553(a)(1); *Pugh*, 515 F.3d at 1200-01.

6

For the reasons above, Hooper's 60-month probationary sentence is substantively unreasonable under the totality of the circumstances. *Gonzalez*, 550 F.3d at 1324. We therefore vacate and remand for further review and resentencing.

**VACATED** and **REMANDED.**